TYMKOVICH, Circuit Judge,
concurring.
I agree with the majority that the “protective sweep” conducted by law enforcement officers was not anchored by reasonable suspicion. I therefore concur.
I write separately to note some reservations about whether a protective sweep can ever be justified absent an arrest and the majority’s application of Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). In Buie, the Supreme Court articulated a doctrine of the warrantless protective sweep, a “quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers and others.” Id. at 327. The Court justified the sweep “as a precautionary matter,” that could be conducted
without probable cause or reasonable suspicion, [to] look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that, however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene. This is no more and no less than was required in Terry and Long.
Id. at 334.
Two recent cases in this circuit have cited to Buie. The first, a 2002 case, involved the illegal, warrantless search of a home. The panel declined to apply the protective sweep rationale where the search was neither incident to an arrest nor supported by reasonable suspicion. See United States v. Davis, 290 F.3d 1239 (10th Cir.2002). The second case, in 2004, extended Buie to situations involving “protective detentions.” That panel held that in addition to a protective sweep the police may conduct a protective detention of individuals as long as there is a “reasonable and articulable suspicion of potential danger to the arresting officers.” United States v. Maddox, 388 F.3d 1356, 1367 (10th Cir.2004).
The question then is whether those cases, together with Buie, lay down a flat, per se rule banning protective sweeps by law enforcement in every other context. That seems doubtful to me. We already know that the Supreme Court has allowed concern over officer safety to justify limited searches in non-arrest street encounters, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and automobile stops, see Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201. Buie was a natural extension of the logic of those cases.
Against this legal backdrop, the Fifth Circuit sitting en banc recently confronted the very question of whether a protective sweep accompanied by a reasonable suspicion of danger must always be incident to an arrest. The court answered no. In United States v. Gould, 364 F.3d 578, 588 (5th Cir.2004), the court considered a situation where officers entered a mobile home with the permission of an occupant. During the encounter, the officers developed *934 safety concerns, and, upon entering the home’s bedroom, found firearms. Id. at 591. Looking to Buie, the court concluded that the Supreme Court’s holding does not flatly bar protective sweeps during a lawful consensual encounter where officers possess a reasonable suspicion that the home harbors an individual who poses a threat to their safety. Id. at 584-593. The Gould Court’s understanding of Buie would allow a protective sweep where (1) the police enter a home lawfully, (2) the sweep is supported by reasonable suspicion that the area to be swept harbors a dangerous individual, (3) the sweep is a cursory inspection for persons, and (4) the sweep is short, lasting no longer than necessary to dispel the threat. Id. at 587.
Thus, Gould suggests that a protective sweep may be constitutional outside the arrest context if officers, pursuant to a lawful consensual encounter, develop a reasonable suspicion that their safety is endangered by a person hiding nearby.[1]
This, however, is not such a case. I agree with the majority that at the time of the sweep the officers here did not have a reasonable suspicion that the motel room harbored an individual posing a threat to them. The protective sweep was therefore not supportable.

. A few other courts have also resisted a per se approach to Buie. See, e.g., United States v. Taylor, 248 F.3d 506 (6th Cir.2001) (allowing protective sweep without an arrest); United States v. Patrick, 959 F.2d 991 (D.C.Cir.1992) (allowing protective sweep after consensual entry).